UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 06-30038-08** |
| **VERSUS** | * | **JUDGE JAMES** |
| **SALWAN MUSA HUSSEIN MOHAMED** | * | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION ON
### FELONY GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to Title 28, United States Code, Section 636(b), and with the written and oral consent of the defendant, this matter has been referred by the District Court for administration of Guilty Plea, and Allocution under Rule 11 of the Federal Rules of Criminal Procedure.

This cause came before the undersigned U. S. Magistrate Judge for a change of plea hearing and allocution of the defendant, Salwan Musa Hussein Mohamed, on November 21, 2007. Defendant was present with his counsel, Mr. James D. Sparks, Jr.

After said hearing, and for reasons orally assigned, it is the finding of the undersigned that the defendant is fully competent, that his plea of guilty is knowing and voluntary, and his guilty plea to Count 17 of the indictment, the forfeiture allegations contained therein (all counts), and his obligation to provide restitution to the victims of all counts, is fully supported by an oral factual basis for each of the essential elements of the offense.[1] Therefore the undersigned U.S. Magistrate Judge recommends that the District Court **ACCEPT** the guilty plea of the defendant,

---

[1] Except for stating that $ 15,000 of the Eastside money was his personal money, and that he was not in any way connected with Sun Over Sand or the Lake Providence business, defendant agreed with the oral factual basis.

Salwan Musa Hussein Mohamed, in accordance with the terms of the plea agreement filed in the record of these proceedings, and that Salwan Musa Hussein Mohamed be finally adjudged guilty of the offense charged in Count 17 of the Indictment, the forfeiture allegations contained therein (all counts), and his obligation to provide restitution to the victims of all counts.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 21st day of November, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE